**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4019**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RESHAWN ORLANDO ALLEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00218-TDS-1)

_____

Submitted:  June 20, 2013          Decided:  June 25, 2013

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen F. Wallace, THE WALLACE LAW FIRM, High Point, North Carolina, for Appellant.  Timothy Nicholas Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reshawn Orlando Allen appeals his conviction and forty-five-month sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), Allen's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 when accepting Allen's plea and whether Allen's sentence is reasonable. Although notified of his right to do so, Allen has not filed a supplemental brief. We affirm.

Where, as here, a defendant did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Because the district court fully complied with Rule 11 when accepting Allen's plea, we conclude that the plea was knowing and voluntary and, therefore, final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Allen's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or failing to

2

adequately explain the sentence. Id. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," Carter, 564 F.3d at 328 (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. When, as here, a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

We conclude that Allen's sentence is both procedurally and substantively reasonable. The district court correctly calculated Allen's Guidelines range and clearly explained the

3

basis for imposing a sentence above that range, with reference to the appropriate 18 U.S.C. § 3553(a) factors, Allen's individual circumstances, and the nature of Allen's offense.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Allen's conviction and sentence. This court requires that counsel inform Allen, in writing, of his right to petition the Supreme Court of the United States for further review. If Allen requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4